IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

| | |
|---|---|
| EDGEWATER VALLEY FORGE FUND III LP and WYVERN HOSPITALITY LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>CERTAIN UNDERWRITERS AT LLOYDS LONDON; HDI GLOBAL SPECIALTY SE; SUMMIT SPECIALTY INSURANCE COMPANY; GUIDEONE NATIONAL INSURANCE COMPANY; CATALYTIC RISK MANAGERS & INSURANCE AGENCY, LLC; CATALYTIC CLAIMS SERVICES, INC.; and YA ENGINEERING SERVICES, LLC,<br><br>    Defendants. | Case No.   4:24-cv-338 |

## NOTICE OF REMOVAL

Defendant YA Engineering Services, LLC ("**YAES**"), through undersigned counsel, hereby removes the above-styled action, pending as case number 2024 CA 001165 from the Circuit Court for the Second Judicial Circuit in Leon County, Florida to the United States District Court for the Northern District of Florida,

1

#102544620v1

Tallahassee Division, pursuant to 28 U.S.C. §§ 1367, 1441, and 1446 and Local Rule Local Rule 3.1(B) and 7.2. In support of removal, YAES states as follows:

## BACKGROUND

1. On or about July 18, 2024, Edgewater Valley Forge Fund III LP and Wyvern Hospitality Group LLC (collectively, "**Plaintiffs**") filed a Complaint in the Circuit Court for the Second Judicial Circuit in Leon County, Florida against YAES and several other entities namely, Certain Underwriters at Lloyd's London ("**Lloyds**"), HDI Global Specialty SE ("**HDI**"), Summit Specialty Insurance Company ("**Summit**"), GuideOne National Insurance Company ("**GuideOne**"), Catalytic Risk Managers & Insurance Agency, LLC ("**Catalytic**"), and Catalytic Claims Services, Inc. ("**Catalytic Claims**") (collectively and together with YAES, "**Defendants**"). The action is styled *Edgewater Valley Forge Fund III LP et al. v. Certain Underwriters at Lloyd's London et al*. and assigned case number 2024 CA 001165 (the "**State Action**"). A true and accurate copy of the Complaint is attached hereto and incorporated by reference as YAES's **Exhibit "A."**

2. The Complaint purports to assert fourteen counts based on alleged violations under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968 ("**RICO**") against YAES and all other Defendants as well as four counts of breach of contract against Lloyds, HDI, Summit, and GuideOne. *See* Exhibit "A."

2

#102544620v1

## **REMOVAL IS PROPER**

I. This Court has subject-matter jurisdiction over the State Action pursuant to 28 U.S.C. §§ 1331, 1441(c) and 1367.

3. Pursuant to 28 U.S.C. § 1441(c), a defendant may remove to federal district court if a civil action includes a claim arising under the Constitution, laws, or treaties of the United States.

4. Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction of this action because Plaintiffs have alleged violations of federal law, namely fourteen counts of federal RICO claims under 18 U.S.C. § 1962(c) and (d). *See* Complaint.

5. Removal to the particular Court is proper under 28 U.S.C. § 1446(a) because the Northern District of Florida is the district within which the lawsuit was pending prior to removal.

6. YAES bears the burden of proving that federal question jurisdiction exists. *Scott v. Walmart, Inc.,* 528 F. Supp. 3d 1267, 1272 (M.D. Fla. 2021).

7. The test ordinarily applied for determining whether a claim arises under federal law is whether a federal question appears on the face of the plaintiff's well-pleaded complaint. *Connecticut State Dental Ass'n v. Anthem Health Plans, Inc.,* 591 F.3d 1337, 1343 (11th Cir. 2009). "As a general rule, a case arises under federal law only if it is federal law that creates the cause of action." *Diaz v. Sheppard,* 85 F.3d 1502, 1505 (11th Cir. 1996) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 8–10, 103 S.Ct. 2841, 2846, 77 L.Ed.2d 420 (1983)).

#102544620v1

8. On the face of the Complaint, fourteen of the eighteen causes of action Plaintiffs allege are federal claims. *See* Exhibit "A."

9. Plaintiffs invoked the jurisdiction of this Court by including RICO claims as RICO is a federal statute that is governed by a comprehensive federal enforcement scheme. The presence of a federal RICO claim in a lawsuit provides a basis for removal and is sufficient to concern federal question jurisdiction and thus, makes such cases removable to federal court under 28 U.S.C. § 1441(a).

10. Although state and federal courts have concurrent jurisdiction over civil RICO claims, the concurrent jurisdiction of the state courts does not impact a defendant's statutory right to remove based on federal question jurisdiction. *Lichtenberger v. Prudential-Bache Sec., Inc.,* 737 F. Supp. 43, 44 (S.D. Tex. 1990).

11. Based on the foregoing, YAES has met its burden in proving that federal jurisdiction exists.

II. YAES satisfied the procedural requirements for removal under 28 U.S.C. § 1446.

12. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 7.2, YAES attaches hereto Exhibit "A", which is a true and accurate copy of all process, pleadings, orders and other documents which, as of the date this Notice of Removal is filed and are on file in the State Action.

#102544620v1

13. Pursuant to 28 U.S.C. § 1446(b), removal is timely because this Notice of Removal is filed within thirty days from July 24, 2024, the date on which YAES received Plaintiffs' Complaint.

14. Pursuant to 28 U.S.C. § 1446(d), after filing the instant Notice of Removal in this Court, YAES will promptly file proof of filing this Notice of Removal with the clerk of the Circuit Court of Leon County, Florida and proof of service on Plaintiffs' counsel of record in the State Action.

15. Therefore, YAES respectfully submits that this Court has subject-matter jurisdiction over this matter as Plaintiffs have brought civil RICO violations against YAES and all other Defendants and thereby have raised issues of federal question pursuant to 28 U.S.C. § 1441(c).

16. All Defendants have consented to removal under 28 U.S.C. § 1446(b)(2)(A). Their consent to removal is attached hereto as **Exhibit "B".**

17. Nothing in this Notice of Removal constitutes as an admission of any allegation in the Complaint or a waiver of any defense, argument, or principle of equity available to YAES.

WHEREFORE Defendant YA Engineering Services, LLC respectfully removes the State Action from the Circuit Court for the Second Judicial Circuit in Leon County, Florida to the United States District Court for the Northern District of Florida, Tallahassee Division and requests that this Court exercise its subject-matter

#102544620v1

jurisdiction over this matter and grant such other and further relief to Defendant YA Engineering Services, LLC as it deems necessary and proper.

Dated: August 23, 2024

> Respectfully submitted.
>
> /s/ *Joseph D. Steadman, Jr.*
> JOSEPH D. STEADMAN, JR.
> Florida Bar No. 0105590
> JONES WALKER LLP
> 11 N. Water Street, Suite 1200
> Mobile, Alabama 36602
> Phone: (251) 439-7534
> Fax: (251) 439-7392
> Email: jsteadman@joneswalker.com

#102544620v1

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 23rd day of August, 2024, a true and accurate copy of the foregoing document was sent to counsel of record via First Class Mail and addressed as follows:

David Weiss
Ausley McMullen
PO Box 391
Tallahassee, Florida 32302
dweiss@ausley.com
Counsel for Plaintiffs Edgewater Valley Forge Fund III LP
and Wyvern Hospitality Group LLC

Kimberly M. Jones
Wood Smith Henning & Berman LLP
1501 S. Church Avenue, Suite 200
Tampa, Florida 33629
kjones@wshblaw.com
Counsel for Defendants Certain Underwriters at Lloyd's London,
HDI Global Specialty SE, Summit Specialty Insurance Company,
GuideOne National Insurance Company, Catalytic Risk Managers
& Insurance Agency, LLC, and Catalytic Claims Services, Inc.

                                                             */s/ Joseph Steadman, Jr.*
                                                             Joseph Steadman, Jr

#102544620v1